IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 02-cv-01201-WDM-BNB

ERVIN PHILLIPS,

    Plaintiff,

v.

SIS OFFICER HARRISON and,
COUNSELOR RETZLAFF,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued February 23, 2005, that defendants' motion for summary judgment be denied. Defendants filed a timely objection to the recommendation, which they later amended. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the parties' filings on the motion for summary judgment, the recommendation, and the amended objections. I conclude that plaintiff Ervin Phillips did not properly raise the issue of equitable tolling of the administrative exhaustion requirement and, therefore, summary judgment is proper for defendants.

As the record in this case reflects, Phillips first brought his claim against defendants in 1999. I dismissed his case without prejudice on February 6, 2002, for failure to exhaust administrative remedies as required by the 2001 Supreme Court ruling in *Booth v. Churner*,

532 U.S. 731 (2001). Phillips filed an administrative claim within twenty days of this dismissal and, following completion of the administrative process, re-filed his claim in this case in June 2002.

Bureau of Prisons regulations require that a prisoner file an administrative grievance within twenty days after an incident. 28 C.F.R. § 542.14. Phillips's grievance, although filed within twenty days of my order finding he was required to pursue administrative remedies, was filed years after the incident in question and months after he was notified of the *Booth* decision by defendants' motion to dismiss, filed in June 2001. The dispositive issue before me now is whether the twenty-day filing deadline for administrative remedies should be equitably tolled.

Magistrate Judge Boland suggested that equitable tolling was available to Phillips in the August 2003 recommendation.[1] Further, the defense of failure to properly exhaust administrative remedies was the sole ground presented in defendants' motion for summary judgment, where defendants argued that equitable tolling should not apply to permit Phillips to pursue his claim. Nonetheless, Phillips did not raise tolling in his response to the motion for summary judgment and has not presented any argument for why this equitable doctrine should apply. I conclude that this failure prevents tolling in this case.

Phillips bears the burden of demonstrating that equitable tolling should apply. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). *See also Olson v. Federal Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (party claiming benefit of equitable tolling of limitations period bears "burden of proving justifiable circumstances") (citing cases in

---

[1] I did not reach this issue in my order on the recommendation.

various contexts).

In this case, not only has Phillips not argued in favor of equitable tolling despite favorable treatment of the issue in the August 2003 recommendation, but he has not provided any factual foundation to justify applying the doctrine. As defendants point out in their amended objection, he was aware of the *Booth* decision and its potential effect in June 2001 when defendants filed their motion to dismiss the 1999 case. Notwithstanding this notice, he did not take any action to file an administrative grievance until February 2002, after I dismissed his case without prejudice based on *Booth*. Given these circumstances, I conclude he has not acted in good faith to pursue his claim and therefore is not entitled to the extraordinary circumstances basis for equitable tolling. *Cf. Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1098 (Colo. 1996).[2]

Although I understand Magistrate Judge Boland's reasoning in recommending that I apply equitable tolling, I also note that I may not assume the role of advocate for plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because Phillips has not met the burden of showing that tolling should apply, I must agree with defendants that he has failed

---

[2] In the closely-related context of statutes of limitations, the Tenth Circuit applies state law equitable tolling rules. *Garrett v. Fleming*, 362 F.3d 692, 697 (10th Cir. 2004) (citing *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996) ("*Bivens* actions, like actions under § 1983, are considered as personal injury claims and are governed by the personal injury statute of limitations and tolling laws in the state where the alleged injury occurred")).

Colorado applies the doctrine of equitable tolling where a defendant's wrongful conduct prevented compliance with statutory periods or where a plaintiff did not timely file claims because of "extraordinary circumstances." *Morrison v. Goff*, 91 P.3d 1050, 1053 (Colo. 2004). "The extraordinary circumstances basis for applying equitable tolling requires good faith efforts of the plaintiff to pursue his or her claims." *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1098 (Colo. 1996). Where a plaintiff has options on which he does not act, he has failed to act in good faith and equitable tolling cannot apply. *Id.*

to timely exhaust his administrative remedies.

I also agree with defendants that the dismissal of this case should be with prejudice because Phillips cannot re-file his claim within the statutory two-year limitations period.[3] This *Bivens* action borrows the personal injury statute of limitations of Colorado, the state where the injury allegedly accrued. *See Van Tu v. Koster*, 364 F.3d 1196, 1198 (10th Cir. 2004). For purposes of this case, therefore, the applicable limitations period is the two-year period set forth in Colo. Rev. Stat. § 13-80-102.  *Garrett v. Fleming*, 362 F.3d 692, 695 n.4 (10th Cir. 2004)*.*

Under Colorado law, "a party cannot deduct from the period of the statute of limitations applicable to his case the time consumed by the pendency of an action in which he sought to have the matter adjudicated, but which was dismissed without prejudice as to him," unless a statute specifically allows for tolling of that period during the pendency of a prior action. *See King v. W.R. Hall Transp. & Storage Co.*, 641 P.2d 916, 920 (Colo. 1982). Colorado does not appear to toll its personal injury limitations period for the pendency of a prior action that is dismissed without prejudice.[4] Without any tolling for the 1999 lawsuit, the statute of limitations in this case has long since expired.

---

[3] In their amended objection to the February 2005 recommendation, defendants argued that I did not need to reach the equitable tolling issue because Phillips's claims were barred by the statute of limitations. I do not address this argument for purposes of resolving the motion for summary judgment because defendants raised the issue for the first time in their objections, and I deem it waived.

[4] The closest statute on this issue is Colo. Rev. Stat. § 13-80-111, which permits a plaintiff to re-file an action within ninety days of the termination of an original action for lack of jurisdiction or improper venue. Failure to exhaust administrative remedies in a *Bivens* action is not a jurisdictional issue. *See, e.g., Basham v. Uphoff*, No. 98-8013 (10th Cir. December 8, 1998) (1998 WL 847689).

Accordingly, it is ordered:

1. The February 23, 2005 recommendation is not accepted for the reasons stated herein.

2. Defendants' motion for summary judgment, filed June 21, 2004, is granted.

3. This case is dismissed with prejudice.

DATED at Denver, Colorado, on July 25, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge